UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY NICKELS,

    Petitioner,

v.

TERRI GONZALES, Warden,

    Respondent.

Case No. 13-cv-1863-VC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY**

Before the Court is the above-titled petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 by petitioner Anthony Nickels, challenging the forfeiture of good time credits while he was incarcerated at the California Men's Colony. Respondent has filed a memorandum of points and authorities in support of his response; Nickels has not filed a traverse. For the reasons discussed below, the petition is denied.

## BACKGROUND

In December 2011, prison officials found Nickels guilty of distribution of marijuana and assessed a 151-day loss of good time credits. Nickels admitted he possessed seventeen individually wrapped bindles of marijuana, but argued that, based on the evidence, he should have been found guilty of possession, not distribution, of marijuana. On October 16, 2012, in a written, unpublished order, the Superior Court for the County of San Luis Obispo denied Nickels' petition for a writ of habeas corpus, concluding that some evidence supported the prison officials' finding that Nickels was guilty of distribution. Resp.'s Ex. 4, *In re: Anthony Nickels, Petition for Writ of Habeas Corpus*, no. HC4715 (Oct. 16, 2012). The California Court of Appeals and the California Supreme Court summarily denied Nickels' petitions. Resp.'s Exs. 5 and 7.

## LEGAL STANDARD

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in

a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion of the highest court to analyze whether the state judgment was erroneous under the standard of § 2254(d*). Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). In this case, the highest court to issue a reasoned decision on Nickels' claim was the Superior Court for San Luis Obispo County.

## DISCUSSION

Nickels argued in state court, as he argues here, that the discovery of marijuana in his cell supported only a finding that he was guilty of possessing marijuana. He argues that because no evidence was presented, by declaration or by testimony of witnesses, that he distributed marijuana, he could not have been found guilty of the distribution charge.

In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the United States Supreme Court held that the revocation of good-time credits by a prison disciplinary board does not comport with the minimum requirements of procedural due process unless the findings of the board are supported by some evidence in the record. To establish this modicum of evidence, an examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *Id.* at 455. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Id.*

In denying Nickels' claim, the Superior Court noted, "the pertinent fact is that upon search of the Petitioner's cell a larger size food can containing 15 individually wrapped 'bindles' of marijuana was found.[1] The hearing officer concluded that 'the contraband controlled substance

---

[1] Respondent's evidence shows that three bindles were found in Nickels' cell and that one of the bindles contained fifteen individually wrapped bindles for a total of seventeen bindles of marijuana. See Resp.'s Ex. 3, Ex. B, Rules Violation Report.

2

was patently packaged, indicative of being for the purpose of distribution.'" Ex. 4 at 1. The Superior Court found that this supported the hearing officer's decision. *Id.* at 2.

In addition to the evidence noted by the Superior Court, the toxicology report showed that the combined weight of all the bindles of marijuana was 3.62 grams. Resp.'s Ex. 9 at 2, Results of Toxicology Analysis. The large amount of marijuana found in Nickels' cell was cited in the Rules Violation Report (RVR) as additional evidence that Nickels possessed the marijuana for distribution. See Resp.'s Ex. 2, Ex. 1, October 14, 2011 RVR.

The large amount of marijuana found in Nickels' cell and the fact that it was packaged in many individual bindles is more than sufficient to show that some evidence supported the hearing officer's decision that Nickels was guilty of distributing marijuana. Therefore, the Superior Court neither applied federal law unreasonably nor made an unreasonable determination of the facts within the meaning of 28 U.S.C. § 2254(d).

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: August 18, 2014

_____
VINCENT CHHABRIA
United States District Judge

3